### Lafauci *v.* Kinler and others.[1]

*(Circuit Court, E. D. Louisiana.   March 26, 1886.)*

1. Petitory Action.

    In a petitory action, the plaintiff must rely on the strength of his own title,
    and not upon the weakness of that of his adversary.

2. Prescription.

    Defendants having shown that they and their authors had been in posses-
    sion of the real property for a period of more than 30 years, they are protected
    in the title thus acquired until a better is shown.

At Law.

*Ernest T. Florance,* for plaintiff.

*James D. Augustin,* for defendants.

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

BILLINGS, J. The defendants in this case derive title through Baptiste St. Armand, who claims to have purchased in 1830 from the United States, among other lands, section No. 119, in which is included the tract in dispute, and to have obtained a patent therefor on the seventeenth day of September, A. D. 1858. The plaintiff, deriving title through Emile St. Armand, claims that he entered the same tract in 1855, and obtained a patent for it in 1878.

In the view the court takes of the case, it is not necessary to inquire into this apparent conflict of these patents; nor is it necessary to investigate as to whether the land in controversy is within the proper limits of the Paul Loup grant,—since, in 1856, the United States relinquished claim to all lands covered by said grant, reserving all rights of settlers thereon, by whatever title they claimed to hold.

This being a petitory action, the plaintiff must rely upon the strength of his own title, and not upon the weakness of that of his adversaries. The court is of opinion that it has been established that neither the plaintiff, nor any one through whom he claims title, has ever been in possession of these lands in his own right. Their author, Emile St. Armand, with his family, for about two years lived on these lands by permission of Lartigue Mongrue, who was then in possession, and removed from them in 1857, when Mongrue leased it to other tenants. The evidence establishes, also, that the defendants, and the authors of their title, have been in actual possession of the lands in controversy for a period of more than 30 years. They are protected in the title thus acquired until a better is shown. The plaintiffs have failed to show a better title.

Judgment for defendants, with costs.